IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CHARLES ALTON LORENZ, JR., Institutional ID No. 126941, | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | CIVIL ACTION NO. 5:15-CV-043-BQ |
| JONATHAN LORENZ, et al., | ) ) | ECF |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

### I. Procedural History

Proceeding *pro se* and *in forma pauperis*, Plaintiff Charles Alton Lorenz, Jr. filed this civil rights action on February 19, 2015, alleging various violations of his constitutional rights by his brother Jonathan Lorenz, the 286th State District Court in Hockley County, Texas, and the Hockley County Sheriff's Department. The United States District Court transferred this case to the undersigned United States Magistrate Judge for further proceedings on August 23, 2016. ECF No. 19. To date, Lorenz has not consented to proceed before the undersigned magistrate judge.

On November 22, 2016, the court entered an order requiring Lorenz to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). ECF No. 25. In that order, Lorenz was admonished that failure to complete and return the questionnaire within thirty days could lead to the dismissal of his entire complaint. Lorenz did not complete and return the questionnaire. Thereafter, on January 3, 2017, the court entered a second order requiring Lorenz to complete the questionnaire within twenty days and with the same instruction that failure to complete and "timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of his entire complaint." ECF No. 26. As of January 25, 2017,

Lorenz has not returned a completed questionnaire to the court. Because Lorenz has not completed and returned the questionnaire in a timely manner, the undersigned recommends dismissal of this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13-CV-114-C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (Cummings, J.) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).[1]

## II. Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Lorenz's Complaint for want of prosecution.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific

---

[1] Lorenz has a demonstrated history of not updating changes to his address, resulting in a number of returned court documents. *See, e.g.*, ECF Nos. 11, 21, 22 and 24. Indeed, the Postal Service has returned mail at various times as undeliverable from *both* addresses used by Lorenz during this litigation. *See id.* The last known address for Lorenz, as deciphered by the District Clerk from reviewing his filings, is the Lubbock County Detention Center. *See* ECF No. 22 (Order Reassigning Case returned as undeliverable from Levelland address, Clerk then re-sent to LCDC based on the return address contained in ECF No. 18). Although a subsequent mailing to LCDC was returned as undeliverable on September 29, 2016, due to Lorenz's release (ECF No. 24), Lorenz again provided no address update. When the Clerk served the court's questionnaires in November and January to Lorenz's last known address (LCDC), neither was returned by LCDC as undeliverable. In any event, if Lorenz's present address is not the LCDC, he has failed to comply with the requirement that he keep the court apprised of his current address, thereby providing another ground for dismissal. *See, e.g.*, ECF No. 4.

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 27, 2017

_____
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**